2008 FEB 13 AM 9: 03
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHEILA DEWILLE, | CASE NO. 3:07 CV 3888 |
| Plaintiff, | JUDGE DAVID A. KATZ |
| v. | OPINION AND ORDER |
| STATE OF OHIO, et al., | |
| Defendants. | |

On December 27, 2007, pro se plaintiff Sheila Dewille, filed this in forma pauperis action against the State of Ohio, Governor Ted Strickland, and Hugh Quill, Director, under the Privacy Act of 1974. She claims the defendants are in possession of her "private, personal information." She seeks $100,000,000.00 in damages, as well as "declaratory injunction be placed against the State of Ohio freezing any and all funds held by the State for it's [sic] use in any manner." (Compl. at 4-5.)

*Background*

Ms. Dewille claims that the defendants possess a 'laundry list' of her personal information. It is her contention that the State of Ohio negligently permitted a "person/employee to steal from its possession the personal confidential information of Sheila J. Dewille, that any reasonable person would expect the State to protect." (Compl. at 2.) She claims the State of Ohio has violated the public trust by allowing this unnamed person to allegedly "walk off with the

private information of its citizen." (Compl. at 2.) Ms. Dewille alleges that a charge card was issued in her name, which she never received and for which she is being harassed about the balance due on an account she never created. She also makes the blanket allegation that the State of Ohio has "sold to the State of Georgia all driving records of its citizens for the sum of $50,000.00." She avers that the State of Ohio has no right to do this and seeks injunctive and monetary relief in the amount of $100,000,000.00.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Privacy Act of 1974*

Under the Privacy Act (e)(1), "[e]ach agency that maintains a system of records shall--establish appropriate administrative, technical, and physical safeguards to insure the security and confidentiality of records." 5 U.S.C. 552a(e)(1). The requirements, however, apply

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

only to "agencies" as that term is defined under the Act. Section 552(e) provides that:

> For purposes of this section, the term 'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. §552a(e). Thus, by definition, "agency" does not encompass state agencies or individuals. Plaintiff's assertions against the State of Ohio, Governor Strickland and Hugh Quill fail to state a claim under the Privacy Act, which applies only to federal agencies. See 5 U.S.C. §§552a(a)(1), 552(e); St. Michael's Convalescent Hospital v. State of California, 643 F.2d 1369, 1373 (9th Cir.1981) (Federal Privacy Act applies only to "agencies" as defined in the Act, and does not encompass state agencies or bodies); Polchowski v. Gorris, 714 F.2d 749, 752 (7th Cir.1983) ("Congress, when considering this legislation, specifically limited its scope to federal agencies").

Based on the foregoing, plaintiff's Motion to Proceed In Forma Pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.